IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRANCE LEE,

    Plaintiff,

       v.

SPEEDWAY LLC, et al.

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-4441-TWT

**OPINION AND ORDER**

This is a personal injury case. It is before the Court on the Defendant's Motion to Dismiss [Doc. 9] and the Plaintiff's Motion for Leave to Amend [Doc. 17]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 9] is DENIED as moot and the Plaintiff's Motion for Leave to Amend [Doc. 17] is GRANTED.

## I. Background

This action arises out of a slip-and-fall. It was removed from the State Court of DeKalb County on October 1, 2024. The Plaintiff then amended the Complaint without leave from the Court on February 6, 2025. Now, the Defendant moves to dismiss the Amended Complaint, and the Plaintiff seeks leave to file a Second Amended Complaint.

## II. Legal Standard

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an

amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* This decision is discretionary, but the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

### III.   Discussion

The Plaintiff, represented by new counsel, seeks to amend because he "has learned that an element of his damages, lost past and future wages, was omitted from his initial complaint, and therefore seeks to amend the complaint accordingly." (Pl.'s Br. in Supp. of Mot. for Leave to Amend, at 2). The Defendant opposes the Plaintiff's Motion because the Plaintiff "has waited for

a considerable number of days to try to amend his Complaint" and "has not been diligent in the prosecution of his lawsuit." (Def.'s Br. in Opp'n to Mot. for Leave to Amend, at 4-5). However, "the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint." *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014) (quotation marks and citation omitted).

The facts do not warrant a finding that the delay here was "undue." There was only six months between the time when this case was removed to this Court and the filing of this Motion, discovery has not opened yet, and this will not require postponing a trial. These facts differentiate it from other cases in which leave to amend was denied on the basis of undue delay. *See Burger King Corp. v Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (compiling cases). The Defendant does not point to any cases in which a court has denied leave to amend on similar facts. Therefore, the Court will grant the Plaintiff's Motion for Leave to Amend and direct the clerk to file the Second Amended Complaint. The Second Amended Complaint will thereby supersede the original Complaint and the First Amended Complaint, rendering the Defendant's Motion to Dismiss moot. *See McCutchen v. DeKalb Cnty. Sch. Dist.*, 2020 WL 11895504, at *1 (N.D. Ga. Nov. 30, 2020) (compiling cases) *report and recommendation adopted in* 2021 WL 4865287.

### IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. 9] is

DENIED as moot and the Plaintiff's Motion for Leave to Amend [Doc. 17] is GRANTED. The clerk is directed to file the Plaintiff's Second Amended Complaint [Doc. 17-1] on the docket as the operative complaint.

SO ORDERED, this <u>  16th  </u> day of June, 2025.

/s/ Thomas W. Thrash<br>
THOMAS W. THRASH, JR.<br>
United States District Judge